———o———

## No. 3636.

### (Court of Appeal, Parish of Orleans.)

### WILLIAM B. LEONARD vs. JOHN J. KLEIN.

Appeal from Civil District Court, Division "C."

F. McGloin, for Plaintiff and Appellee.

W. S. Benedict, for Defendant and Appellant.

1. In the rental of urban property where no time for the duration of the lease was agreed on, either party is at liberty to put an end to it by giving notice in writing at least fifteen days before the expiration of the month which has began to run.

MOORE, J. Plaintiff seeks by this action to eject defendant from a certain unimproved lot of ground situated in the City of New Orleans which it is averred the defendant is occupying as plaintiff's sub-lessee under a verbal monthly lease; due notice to vacate having been given.

The defence is that the lease, admitted to be a verbal one, was

85

for a term of years which have not yet expired and that no rent was due and unpaid when the action was commenced.

There was judgment for plaintiff and defendant appeals.

It appears that plaintiff is the lessee, from the owner, of a certain two story double brick building, together with an adjoining lot which separates this building from an other building occupied by the defendant. The intervening lot, which is the lot in dispute, had been occupied by the defendant under a verbal monthly lease from the owner since 1897, and it was so occupied on the 24th day of June, 1904, on which day plaintiff leased the aforesaid brick building and lot (both belonging to the same lessor), for a term of years expiring on the 30th day of September, 1907; the rental price being $75.00 per month up to the 1st day of October, 1904, and $100.00 per month thence on during the life of the lease; the contract of lease from the 1st day of October, 1904, to the 30th day of September, 1907, being in writing.

Upon the signing of this lease, on the 24th day of June, 1904, immediate notice thereof was given defendant by the owner, who accompanied same with a formal and due notification to vacate the lot. The defendant, however, remained on the premises and continued so to remain, with the consent of plaintiff, during the months of July, August and September, 1904, paying plaintiff a rental therefor of $15.00 per month; the same rate which defendant had been previously paying.

On the 13th day of October, 1904, the plaintiff, desiring to terminate the lease, served due notice on defendant to vacate the property by the end of that month. This the defendant failed and refused to do claiming that plaintiff had entered into a verbal contract with him sub-letting the lot to him for the entire term of plaintiff's lease of the property from the owner.

The basis for this claim rests upon this statement, testified by defendant to have been made to him by plaintiff: "Klein, I don't want you to be worried about that lot, and that is the reason I

came to your home, and your wife would not let me in on account of your being very sick. I just wanted to tell you not to be worried about the lot, not so long as I have anything to do with it." In reply to this Klein says that he simply answered: "Very well, much oblige" and that this "is all that passed."

At the time of this conversation Klein did not know the term of plaintiff's lease and in answer to a question by the Court, he said that he "didn't know whether he (plaintiff) had a lease calling for a day or one hundred years." He admits that the plaintiff at no time agreed with him as to the terms of the lease. When asked this question: "Mr. Klein, could you say that Mr. Leonard agreed to give you any particular length of time about letting you stay in the lot?", he answered "No."

It being thus, and also by the evidence of the plaintiff, conclusively shown that no time for the duration of the lease was agreed on, either party was at liberty to put an end to it by giving notice in writing to the other at least fifteen days before the expiration of the month which has began to run. C. C. 2686. This the plaintiff did. The judgment appealed from is affirmed.